**JAMES DANAS v. JOHN CALIO**

30 So. (2nd) 915
May 16, 1947
Rehearing denied June 7, 1947

January Term, 1947
Special Division B

*Charles W. Luther,* for petitioner.

*Walter A. Shelley* and *Curtis A. Gardiner,* for respondent.

ADAMS, J.:

We have a petition for certiorari under Rule 34 asking that we quash an order granting a temporary injunction. The order in question enjoined the prosecution of an action of unlawful detainer in the County Judge's Court of Volusia County.

From the sworn bill of complaint it appears that James Danas leased a building to one Charles Demirjian for a term beginning September 1, 1945 and ending February 15, 1947. The lease was in writing and provided that the lessee would not assign or sublet the premises without the written consent of the lessor; that he would have no right to renew the lease and would quit and surrender possession upon the expiration of the lease. When the lease expired it appears that one John Calio had purchased the interest of the lessee and was in possession of the premises.

The real substance of the bill is that Danas, by his oral representations and conduct, led Calio to believe that a new three year written lease would be executed between Danas and Calio; that Calio, in reliance upon Danas' promise, had expended large sums of money preparing the premises for a restaurant.

The sworn answer is contra to every material allegation of the bill. The chancellor held that the bill stated a prima facie case for relief and that may be said to be the controlling question.

This oral agreement must be construed with regard to our statute of frauds. Section 725.01, Fla. Stat., 1941, F.S.A. From the foregoing statement it, obviously, was not an enforceable contract for a three year lease. No showing was made to bring the case under any recognized exception to the general rule. The writ is granted and the order is quashed.

So ordered.

THOMAS, C. J., BUFORD, J, and KANNER, Associate Justice concur.